COMMODORE CORPORATION *v.* DAVIS *et al.*

(Division B. March 1, 1937.)

[172 So. 867. No. 32634.]

Everett, Forman & Everett, of Indianola, for appellant.

Moody & Davis, of Indianola, for appellees.

**Griffith, J.,** delivered the opinion of the court.

Appellant is the holder of a deed of trust upon the homestead of appellees. The secured debt being long past due, appellant, through the trustee, advertised the property for sale. Before the day of sale appellees filed their bill for an injunction under the so-called Moratorium Act, chapter 287, Laws 1936. The bill contained all the allegations required under the statute, and concluded with a prayer that the sale be stayed for a period of two years and that the court will "fix the amount to be paid by the complainants to the defendants each month on the indebtedness owing in accordance with" the said moratorium law. Appellant answered the bill, but did not file a cross-bill. Appellant offered evidence of the reasonable normal value of the property and of a reasonable rental income to be adjudged against the property, but the chancellor declined to hear or consider evidence of that nature, because the holder of the debt and security had filed only an answer and had not demanded any relief by cross-bill, with the result that a decree was made and entered enjoining the sale for a period of two years but allowing nothing to the mortgagee during that time.

The sole question presented is whether the failure to file a cross-bill deprives the mortgagee of the right to the ad interim payments required by the statute to be made by the mortgagor. The moratorium statute must be construed as a whole, and in such a manner as to preserve its constitutionality; and it must be administered within like requirements. It was so construed by this court in Wilson Banking Co. v. Colvard, 172 Miss. 804, 161 So. 123, 126, and therein the court said: "And if the sale is postponed during the operation of the law, the court must determine the reasonable value of the income on said property, or the reasonable rental value thereon, and shall require the mortgagor to pay all or a reasonable part of said income or rental value toward the

upkeep of the property, and in payment of taxes, insurance, and interest on the mortgage debt.'' It is, therefore, an essential condition of the relief by way of injunction, under the statute, to stay a sale under a mortgage or deed of trust that the mortgagor make the ad interim payments mentioned; and thus there arises simply the application of the ancient principle that he who seeks the equity provided by a statute must do the equity which that statute requires of him.

It is the general rule, of course, that affirmative relief may not be granted to a defendant without a cross-bill, but the rule runs no further than the reasons upon which it is founded. So it was said in a note to section 376, Griffith's Miss. Chan. Practice that, without a cross-bill, it has been the practice of our chancellors to require the doing of equity as a condition of relief to a complainant when, upon the hearing, the facts revealed a case for the application of the maxim that ''He who seeks equity must do equity.'' It would be an oddity in legal logic that when the law in positive terms requires of a complainant that he shall do certain things in favor of the defendant else the complainant shall have no relief, to say, at the same time, that unless the defendant by cross-bill expressly asks for the things which the complainant is already obliged to do or perform, this failure of the defendant will release the complainant from the performance which the law itself requires of him as a condition of relief. See the text and cases cited thereunder, 21 C. J. pp. 667, 668, section 849. That section reads in part as follows: ''While generally affirmative relief cannot be granted to a defendant without a cross-bill or its equivalent, (nevertheless) under the maxim that, He who seeks equity must do equity, plaintiff (complainant) will be required, as a condition of the relief he asks, to acknowledge, admit, provide for, secure or allow whatever equitable rights, if any, defendant may have, and to that end the court will, by

its affirmative decree, award defendant whatever relief may be necessary to protect and enforce these rights.''

Inasmuch as the ad interim payments required of the mortgagor by the statute are essential conditions of the award of relief to stay the sale, essential not only by the terms of the statute itself but also to its constitutional integrity, the mortgagee was not required to file a cross-bill in order to have these payments adjudged and awarded, from which it follows that it was error to exclude the offered evidence, and error to make a decree staying the sale for two years without any payments whatever to the mortgagor.

Reversed and remanded.